```
02-144
PHILIP MICHELS, ESQ. (Bar No. 57802)
SHIRLEY K. WATKINS, ESQ. (Bar No. 106462)
LAW OFFICES OF MICHELS & WATKINS
924 Westwood Boulevard, Suite 1050
Los Angeles, California 90024-2931
310/443-3200
```

Attorneys for Plaintiff



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.L., a minor by and her Guardian Ad Litem, Antonio L.; C.V., a minor by her Guardian Ad Litem, Sofia A., <br><br> Plaintiffs, <br><br> v. <br><br> BIG CITY RADIO, INC.; FIRMO MARTIN ROSETTI AKA HECTOR ROCKSETTI AKA HECTOR ROSETTI; KSYY-FM; KLYY-FM; KVYY-FM; VIVA 107.1; DOES 1 TO 100, INCLUSIVE, <br><br> Defendants. | CASE NO. SACV 03-637 CJC(Ex) <br><br> [~~PROPOSED~~] <br><br> **AMENDED** ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OF MINOR <br><br> Date: April 12, 2004 <br> Time: 1:30 P.M. <br> Courtroom: 9B |

The verified Petition of Sofia Avila, Guardian Ad Litem for Christian Varela (hereinafter called "Petitioner"), for approval of the proposed compromise of disputed claim of the above-named minor against defendants, Big City Radio, Inc., Firmo Martin Rosetti AKA Hector Rochsetti AKA Hector Rosetti, KSYY-FM, KLYY-FM, KVYY-FM, VIVA 107.1(hereinafter called "Payor"), came on regularly for hearing this date. Upon the evidence introduced, the Court finds that the facts set forth in said petition are true and that it is for the best interests of said minor that said claim be compromised and settled in the manner hereinafter stated, and that the proceeds of such settlement be paid and used in the manner hereinafter specifically provided, and that the compromise and settlement is reasonable, and in the best interest of

1

Christian Varela, and should be approved.

IT IS THEREFORE ORDERED:

1. That said compromise be and is hereby approved and that upon payment of the sum of $250,000.00 in the manner herein provided, the Payor shall be fully and forever released and discharged of and from all claims, charges and demands of said minor arising from the accident mentioned in the petition.

2. Payor shall disburse the proceeds of the settlement hereby approved in the following manner:

A. $140,000.00 for the purchase of the annuity which will pay future periodic payments to Christian Varela in the following amounts and on the following dates:

> Payable to Christian Varela $9,575.00 annually for the life of Christian Varela, guaranteed 30 years, beginning on February 3, 2009. The last guaranteed benefit will be made on February 3, 2038.

It is understood that Big City Radio, Inc. may make a qualified assignment under Section 130 of the Internal Revenue Code to SAFECO Assigned Benefits Service Co. of these future periodic payment obligations, for a consideration of $140,000.00 (One Hundred Forty Thousand Dollars and No Cents). If such an assignment is made, SAFECO Assigned Benefits Service Co. shall fund its obligation for such periodic payments by the purchase of an annuity contract from SAFECO Life Insurance Company, and, in accordance with the terms of said assignment, SAFECO Assigned Benefits Service Co. shall be substituted as obligor of such payments for Big City Radio, Inc., who shall be released from any further obligation to make said future periodic payments.

//
///
///

|   |   |   |   |
|---|---|---|---|
| B. | Attorneys' fees hereby fixed and allowed to LAW OFFICES OF MICHELS & WATKINS in the amount of: | | $62,500.00 |
| C. | Attorneys' costs in the amount of: | | $9,414.65 |
| | Grand Total of Allowances for Fees, Costs and Other Expenses: | | $71,914.65 |

D.  The balance in the amount of $38,085.35 to be deposited into a interest-bearing, federally insured, minor's blocked account, from which no withdrawals shall be made without a Court order, until the minor reaches the age 18, located at Bank of America, 930 Westwood Blvd., Los Angeles, California.

Upon receipt by the appropriate persons of the full amount of the settlement sum herein approved, Petitioner is hereby authorized and directed to execute and deliver to said Payor a full, complete and final release and discharge of any and all claims and demands of said Christian Varela against Payor by reason of the accident described in said petition and the resultant injuries and damages to Christian Varela, in the form attached as Exhibit 1 to this Order, and a properly executed dismissal of Payor with prejudice.

DATED: *May 21*, 2004

Hon. Cormac Carney, Judge

EXH. 1

# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND
# GENERAL RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and General Release of All Claims (the "Agreement") is made and entered into by and between Plaintiff C.V., through her Guardian Ad Litem, (hereinafter referred to as "Plaintiff"), on the one hand, and Defendant Big City Radio, Inc. ("Big City Radio") on the other hand. Plaintiff and Big City Radio are jointly referred to herein as the "Parties."

## RECITALS:

Plaintiff filed an action against Big City Radio in the Superior Court of the State California, entitled <u>A.L., et al. v. Big City Radio et al.</u>, Case No. BC279766 for assault, battery, negligence and intentional and negligent infliction of emotional distress (the "Action"). The Defendant removed the action to the United States District Court for the Central District of California, case number SACV 03-637 CJC(Ex).

Big City Radio has expressly denied and continues to deny any wrongdoing or legal liability arising out of the conduct alleged in the Action.

Notwithstanding Big City Radio's continuing denial of each and every claim and contention of wrongdoing asserted by Plaintiff, the Parties desire to enter into this Agreement for the purpose of fully and finally resolving all claims asserted or threatened in, and all disputes relating to, the Action, and all other claims that Plaintiff may have against the Releasees (As defined in Section 4).

LA:233866v1 [20236.108]

# AGREEMENT

THEREFORE, the Parties agree as follows:

1. **Settlement Payment.** Big City Radio agrees to pay C.V. Two Hundred Fifty Thousand Dollars and No Cents ($250,000). The payment being made to Plaintiff pursuant to this Section 1 is referred to as the "Settlement Payment." The Settlement Payment shall be divided as follows: (1) BCR will make Periodic Payments ("Periodic Payments") on behalf of C.V. pursuant to Addendum No. 1 of the Uniform Qualified Assignment and Release attached hereto as Exhibit "A" which enumerates the schedule and amounts of the Periodic Payments. BCR will transmit its check in the amount of One Hundred and Forty Thousand Dollars ($140,000.00) made payable to Safeco Assigned Benefits Service Company and BCR will execute the Uniform Qualified Assignment and Release (Exhibit "A" hereto) at which point BCR will be immediately and irrevocably relieved of any and all of its obligations to make the Periodic Payments to C.V. ; (2) $71,914.65 made payble to the Law Offices of Michels & Watkins; and (3) $38,085.35 made payable to Sofia Avila, GAL for Christian Varela and Bank of America to be deposited into a minor's blocked account. Big City Radio will issue an IRS Tax Form 1099 to the Law Offices of Michels & Watkins for its portion of the Settlement Payment.

The settlement checks shall be transmitted to Michels & Watkins within the fifteen (15) days after Plaintiff through her Guardian Ad Litem's execution of this Agreement, the Uniform Qualified Assignment and Release attached hereto as Exhibit "A," and approval of the settlement by the Court, and subject to delivery to Big City Radio's counsel of the Agreement executed by Plaintiff through her Guardian Ad Litem and a conformed copy evidencing the filing with the Court by counsel for Plaintiff of the Stipulation of Dismissal with prejudice of this Action, as set forth in Paragraph 3 of this Agreement.

2

LA:233866v1 [20236.108]

2. **Tax Indemnification.** Big City Radio makes no representation or warranty as to the federal and state taxability of the Settlement Payment, and a determination of the taxability or other tax consequences of such payment is the sole responsibility of Plaintiff. Plaintiff through her Guardian Ad Litem agrees to be solely liable to, pay, indemnify, and hold Big City Radio harmless from and against, all taxes and any costs, interest, assessments, penalties, damages, attorneys' fees or other losses by reason of payment in the manner set forth above. Plaintiff through her Guardian Ad Litem further agrees not to seek or make any claim or claims against Big City Radio for contribution, indemnity, compensation, damages, costs or penalties if a determination is made that some portion or all of the Settlement Payment is taxable. In addition, Plaintiff through her Guardian Ad Litem agrees to assume sole responsibility for contesting any claim or assertion by any taxing authority against her that any sum should be treated as taxable income, or that withholdings were required prior to payment, and to cooperate fully in the defense of any such claims brought against Big City Radio. Plaintiff through her Guardian Ad Litem further agrees that she will defend, indemnify and hold harmless Big City Radio from any liability or expenses should Big City Radio be required by the Internal Revenue Service or any other taxing authority to pay taxes, withholdings, penalties, or interest with respect to the Settlement Payment, or any portion thereof.

3. **Stipulation of Dismissal.** In consideration for the Settlement Payment, Plaintiff through her Guardian Ad Litem agrees to file a Stipulation of Dismissal with prejudice of the entire Action against Big City Radio within twenty-four (24) hours (or the next business day if the Court approves the settlement on a Friday) of the Court's approval of the settlement. Plaintiff's counsel will serve a conformed copy of the Order dismissing this Action with prejudice to Big City Radio's counsel via facsimile and mail.

4. <u>**General Comprehensive Release**</u>. Except for any rights expressly created by this Agreement in favor of the Plaintiff, Plaintiff, for herself and her heirs, executors, administrators, legal representatives, successors-in-interest, and assigns, hereby fully and forever releases and discharges Big City Radio and each of Big City Radio's present and former officers, directors, shareholders, predecessors, successors, agents, representatives, employees, heirs, assigns, divisions, administrators, parents, subsidiaries, affiliates, trustees, partners, employees and attorneys ("Releasees") from any and all claims, actions, causes of action, rights, demands, debts, obligations, damages, or accountings of any kind, whether or not known, which directly or indirectly arise out of or relate to the allegations made in this Action, as well as any other claims (whether or not related to the Action or the allegations herein) that Plaintiff has asserted or could assert against Big City Radio from the beginning of time until the date of this Agreement. This general comprehensive (the "General Comprehensive Release") specifically includes, but is not limited to, claims for negligence, assault, battery, and negligent and intentional infliction of emotional distress. This General Comprehensive Release further includes, but is not limited to, claims for any attorneys' fees and costs, harassment, any violation of any state or federal statute, bodily injury or illness, whether physical in nature or manifested by psychological or emotional stress. It is the intent of the Parties that the General Comprehensive Release be construed as broadly as possible consistent with applicable law.

5. <u>**No Filings**</u>. Except in the Action, Plaintiff represents that neither she nor her Guardian Ad Litem nor anyone else acting or her behalf has filed any complaint, petition, or charges against any of the Releasees whether with any administrative agency or other adjudicative forum. Plaintiff further agrees and covenants not to commence or maintain any action or proceeding in the future against any of the Releasees arising out of or connected in any

way to the allegations made in the Action or any other claim within the scope of the General Comprehensive Release.

6. **No Admission of Liability.** Neither this Agreement, nor any document referred to herein, nor anything else, shall, in any manner, constitute any admission of fault whatsoever by Big City Radio or any of the other Releasees.

7. **Warranty.** Each of the Parties warrants: (a) that the person(s) executing this Agreement on the Party's behalf has the authority to do so, and (b) that the claims being released by the Party pursuant to this Agreement have not been assigned or otherwise transferred to any other person or entity.

8. **Attorneys' Fees and Costs.** The Parties shall bear their own expenses, including costs and attorneys' fees, incurred in connection with the Action, the negotiation, drafting, and execution of this Agreement, and all matters relating thereto.

9. **Unknown Claims.** It is possible that other claims, cause of action, injuries or damages not now known to Plaintiff through her Guardian Ad Litem will develop or be discovered. This Agreement is expressly intended to cover and include all such claims, cause of action, injuries or damages. Plaintiff through her Guardian Ad Litem acknowledge that she has been advised by her attorneys concerning, and are familiar with, the provisions of Section 1542 of the Civil Code of California which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Plaintiff and through her Guardian Ad Litem hereby expressly waives and relinquishes all rights and benefits under California Civil Code §1542 to the fullest extent that each may lawfully waive such rights or benefits pertaining to the subject matter of the Agreement. In furtherance of

such intention, the General Comprehensive Release shall be and remain in effect as a full and complete general comprehensive release notwithstanding the discovery or existence of any additional different claims or facts.

10. **Confidentiality Agreement**. The Parties warrant they and their heirs, agents, including but not limited to their attorneys and/or Guardians Ad Litem, will not disclose, disseminate and/or publicize, or cause or permit to be disclosed, disseminated and/or publicized, the underlying facts of the Action, the identity of the Plaintiffs or the Guardians Ad Litem, any information gained in the litigation and/or investigation of the Action, the amount of the Settlement Payments, the terms and existence of this Agreement, or any settlement negotiations or information obtained during the settlement negotiations directly or indirectly, specifically or generally, to any person, corporation, association, governmental agency, or other entity except: (1) in response to an order of a court of competent jurisdiction or subpoena issued under the authority thereof; (2) in response to an inquiry or subpoena issued by a state or federal governmental agency; (3) to Plaintiff or Big City Radio's legal and tax advisors as needed for their own purposes; (4) to government employees as required by law; or (5) to a health care provider. Moreover, nothing in this Agreement will prevent Big City Radio from making any and all disclosures which it is required to make in its filings made pursuant to federal securities laws ("SEC Filings"). In no case, however, will Big City Radio's SEC Filings contain identifying information regarding the Plaintiffs or their Guardians Ad Litem. It is also understood and agreed, that notice of receipt by either Plaintiffs or their Guardians Ad Litem of any such judicial or agency order, inquiry or subpoena, shall immediately be communicated to counsel for Big City Radio in writing, so that Big City Radio receiving such notice will have an

6

opportunity to intervene to assert what rights it may have to nondisclosure prior to the response of Plaintiffs or their Guardians Ad Litem in receipt of said order, inquiry, or subpoena.

11. **Advice of Counsel.** Each Party has received advice of counsel of her or its own choosing in the negotiations for and the preparation of this Agreement; each Party has read this Agreement, or had this Agreement read to her/it by her/its counsel; each Party has had this Agreement fully explained by her/its counsel and is fully aware of its contents and its legal effects. Further, each Party believes that it has been adequately and competently represented in the Action by counsel of its choosing. Further, each Party has made such investigation of the facts pertaining to this settlement and this Agreement, and of all matters pertaining thereto, as it deems necessary. Each Party has read this Agreement and understands the contents hereof, and expressly acknowledges that she/it has had an opportunity to consult with as many advisors as the party deemed necessary to ensure that she/it fully and completely understands this Agreement.

12. **Applicable Law.** This Agreement shall be construed and interpreted in accordance with the laws of California, without giving effect to any internal conflict of law rules.

13. **Entire Agreement.** This Agreement contains the entire understanding of the Parties and constitutes the entire agreement, written and oral, among the Parties. It supersedes and replaces all prior negotiations, proposed agreements and agreements, written or oral. The Parties acknowledge that there are no other warranties, promises, assurances or representations of any kind, express or implied, upon which the Parties have relied in entering into this Agreement. This Agreement shall not be modified or waived except by written agreement executed by the Parties.

14. **Execution of Documents.** This Agreement may be executed in one or more counterparts, each of which, when executed and delivered, shall be an original, and all of which together shall constitute one and the same instrument. This Agreement may also be executed by facsimile signatures which signatures shall be deemed as effective as original signatures.

15. **Severability.** Should any part of this Agreement be found to be illegal or in conflict with any laws of California or the United States, or otherwise rendered unenforceable or ineffectual, the remaining parts of this Agreement shall be deemed severable and shall remain in effect so long as the remaining parts continue to constitute in substance the agreement that the Parties intended to enter.

16. **No Adverse Construction.** Each Party has cooperated in the negotiating, drafting and preparation of this Agreement.

17. **Further Assurances.** The Parties agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

18. **Incorporation By Reference.** The recitals are incorporated in this Agreement by reference.

IN WITNESS THEREOF, the Parties have executed this Agreement to be effective as of the date of the last signature herein.

DATED: _____          _____
                                Sofia Avila, C.V.'s Guardian Ad Litem


DATED: _____          BIG CITY RADIO, INC.

                                By: _____
                                    David Persing, Its General Counsel

8

LA:233866v1 [20236.108]

**APPROVED AS TO FORM:**

DATED: _____     EPSTEIN BECKER & GREEN, P.C.

                              By: _____
                                   Alyce A. Rubinfeld
                                   Attorney for Defendant
                                   Big City Radio, Inc.

DATED: _____     MICHELS & WATKINS

                              By: _____
                                     Shirley Watkins
                                   Attorneys for Plaintiff
                                   A.L., a Minor and C.V., a Minor

# EXHIBIT "A"

# UNIFORM QUALIFIED ASSIGNMENT AND RELEASE

| | |
|---|---|
| "Claimant:" | Christian Varela, Minor by Sofia Avila her Guardian Ad Litem |
| "Assignor:" | Big City Radio, Inc. |
| "Assignee:" | SAFECO Assigned Benefits Service Company |
| "Annuity Issuer:" | Safeco Life Insurance Company |
| "Effective Date:" | May ___, 2004 |

This Agreement is made and entered into by and between the parties hereto as of the Effective Date with reference to the following facts:

A. Claimant has executed a settlement agreement or release dated May___, 2004 (the "Settlement Agreement") that provides for the Assignor to make certain periodic payments to or for the benefit of the Claimant as stated in Addendum No. 1 (the "Periodic Payments"); and

B. The parties desire to effect a "qualified assignment" within the meaning and subject to the conditions of Section 130(c) of the Internal Revenue Code of 1986 (the "Code").

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the parties agree as follows:

1. The Assignor hereby assigns and Assignee hereby assumes all of Assignor's liability to make the Periodic Payments listed in Addendum No. 1 (the "Periodic Payments"). The Assignee assumes no liability to make any payment not specified in Addendum No. 1.

2. The Periodic Payments constitute damages on account of personal injury or sickness in a case involving physical injury or physical sickness within the meaning of Sections 104(a)(2) and 130(c) of the Code.

3. The Assignee's liability to make the Periodic Payments is no greater that that of the Assignor immediately preceding this Agreement. Assignee is not required to set aside specific assets to secure the Periodic Payments. The Claimant has no rights against the Assignee greater than a general creditor. None of the Periodic Payments may be accelerated, deferred, increased or decreased and may not be anticipated, sold, assigned, or encumbered.

4. The obligation assumed by Assignee with respect to any required payment shall be discharged upon the mailing on or before the due date of a valid check in the amount specified to the address of record.

5. This Agreement shall be governed by and interpreted in accordance with the laws of the State of California.

6. The Assignee may fund the Periodic Payments by purchasing a "qualified funding asset" within the meaning of Section 130(d) of the Code in the form of an annuity contract issued by the Annuity Issuer. All rights of ownership and control of such annuity contract shall be and remain vested in Assignee exclusively.

7. The Assignee may have the Annuity Issuer send payments under any "qualified funding asset" purchased hereunder directly to the payee(s) specified in Addendum No. 1. Such direction of payments shall be solely for the Assignee's convenience and shall not provide Claimant or any payee with any rights of ownership or control over the "qualified funding asset" or against Annuity Issuer.

8. Assignee's liability to make the Periodic Payments shall continue without diminution regardless of any bankruptcy or insolvency of the Assignor.

9. In the event that the Settlement Agreement is declared terminated by a court of law or in the event that Section 130(c) of the Code has not been satisfied, this Agreement shall terminate. The Assignee shall then assign ownership of any "qualified funding asset" purchased hereunder to Assignor, and Assignee's liability for the Periodic Payments shall terminate.

10. This Agreement shall be binding upon the respective representatives, heirs, successors and assigns of the Claimant, the Assignor and the Assignee and upon any person or entity that may assert any right hereunder or to any of the Periodic Payments.

11. **THE CLAIMANT HEREBY ACCEPTS ASSIGNEE'S ASSUMPTION OF ALL LIABILITY FOR THE PERIODIC PAYMENTS AND HEREBY RELEASES THE ASSIGNOR FROM ALL LIABILITY FOR THE PERIODIC PAYMENTS.**

Assignor: Big City Radio, Inc.
David A. Persing

By: _____
*Authorized Representative*

Title: Senior Vice President and General Counsel

Assignee:
SAFECO Assigned Benefits Service Company

By: _____
*Authorized Representative*

Title: _____

Claimant: Christian Varela, Minor by Her Guardian Ad Litem

By: _____
*Claimant*

## Addendum No. 1
## Description of Periodic Payments

Payee: Christian Varela

Benefits:

$9,575.00 annually for the life of Christian Varela, guaranteed 30 years, beginning on February 3, 2009. The last guaranteed benefit will be made on February 3, 2038.

Initials

Claimant: _____

Assignor: _____

Assignee: _____

## Addendum No. 1
## Description of Periodic Payments

Payee: Christian Varela

Benefits:

$9,575.00 annually for the life of Christian Varela, guaranteed 30 years, beginning on February 3, 2009. The last guaranteed benefit will be made on February 3, 2038.

Initials

Claimant: _____

Assignor: _____

Assignee: _____

**PROOF OF SERVICE**
A.L., et al. V. BIG CITY RADIO, et al.
02-9117 DT(EX)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to this action; my business address is 924 Westwood Boulevard, Suite 1050, Los Angeles, California 90024-2931. On May 14, 2004, I served the following document(s) described as AMENDED ORDER FOR APPROVAL OF COMPROMISE OF DISPUTED CLAIM OF MINOR on the interested parties in this action as follows:

☒     by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as stated on the attached service list.

☐     by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED SERVICE LIST

☒     **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐     **BY OVERNIGHT COURIER**

☐     **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐     **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

☐     [State]     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒     [Federal]     I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on May 14, 2004 at Los Angeles, California.

EVELYN MORA

---

F:\02-144\PLD\Amended Order (re Settlement).wpd     *Order Approving Compromise of Disputed Claim of Minor*

1

**A.L., et al. V. BIG CITY RADIO, et al.**
**02-9117 DT(EX)**

**SERVICE LIST**

| | |
|---|---|
| Alyce A. Rubinfeld, Esq.<br>William O. Stein, Esq.<br>EPSTEIN, BECKER & GREEN, P.C.<br>1875 Century Park East., Suite 500<br>Los Angeles, CA 90067-2501 | Business (310) 556-8861<br>Fax (310) 553-2165<br>(Lynn Elis)<br>*BIG CITY RADIO, INC.; BIG CITY RADIO L.A., LLC; KSYY-FM; KLYY-FM; KVYY-FM and VIVA 107.1* |

F:\02-144\PLD\Amended Order (re Settlement).wpd       *Order Approving Compromise of Disputed Claim of Minor*